UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                                  Case No. 21-21964-RAM
                                                                                        Chapter 11
ILAN DORON,

    Debtor.
_____/

ROBERT PEASE,                                                                Adv. Case No. _____

    Plaintiff,
vs.

ILAN DORON,

    Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiff, Robert Pease, sues Defendant, Ilan Doron, and alleges:

### Jurisdiction and Parties

1.    This is an action brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 523(a)(2) to determine the dischargeability of a debt.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, by virtue of Mr. Doron's above-styled bankruptcy case. Mr. Pease's claims arise under and relate to the bankruptcy case.

3.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

4.    Mr. Pease is an individual over 18 who resides in Sleepy Hollow, New York.

5.    Mr. Doron is an individual over 18 who resides in Miami, Florida. He is the Debtor in the above-styled bankruptcy case.

**General Allegations**

6.      For several years, Mr. Doron owned and operated NCM Group, LLC, the successor to NCM Wireless, Inc. ("NCM").

7.      Mr. Pease made three loans to NCM that Mr. Doron obtained on behalf of NCM and personally guaranteed:

    a.      On or about July 25, 2019, Mr. Pease loaned $250,000.00 to NCM;

    b.      On or about August 16, 2019, Mr. Pease loaned $560,422.60 to NCM; and

    c.      On or about January 8, 2020, Mr. Pease loaned $1,000,000.00 to NCM.

8.      NCM and Mr. Doron defaulted on the three loans by failing to pay Mr. Pease.

9.      On September 29, 2020, Mr. Pease filed suit against NCM and Mr. Doron in the United States District Court for the Southern District of Florida, in Case No. 20-cv-23966-Bloom.

10.      On May 4, 2021, the District Court entered a final judgment in Mr. Pease's favor in the amount of $2,104,069.00 against NCM and Mr. Doron jointly and severally. A copy of the judgment is attached as Exhibit 1.

11.      In connection with obtaining Mr. Pease's loans, Mr. Doron presented his personal financial statement as of June 30, 2019. A copy of the statement is attached as Exhibit 2.

12.      Mr. Doron's personal financial statement was materially false:

    a.      According to the personal financial statement, Mr. Doron had $130,000.00 in a SunTrust Bank checking account. However, according to documents subpoenaed from Truist Bank (successor to SunTrust Bank), there was only $30,000.00 in the account as of June 30, 2019. A copy of the monthly account statement is attached as Exhibit 3.

    b.      According to the personal financial statement, Mr. Doron had $600,000.00 in a JPMorgan Chase Bank savings account. However, according to documents subpoenaed from

Chase Bank, Mr. Doron had no savings account, and his checking account was closed with a $0.00 balance as of August 31, 2018. A copy of the last account statement is attached as <u>Exhibit 4</u>.

        c.      According to the personal financial statement, Mr. Doron had total assets valued at $68,850,000.00, comprised of: $730,000.00 in cash; $1,200,000.00 in retirement funds; $920,000.00 in autos, boat, jewelry, and collectibles; $21,000,000.00 for a 70% ownership interest in NCM; and $45,000,000.00 for a 100% ownership interest in All Communication LLC. Those amounts were vastly overstated. For example, as of June 30, 2019, All Communication's account at Chase Bank was overdrawn. A copy of the account statement is attached as <u>Exhibit 5</u>.

        d.      Mr. Doron listed two credit cards in his personal financial statement. He did not list any card issued by Chase Bank, even though he had at least one card with a $13,000.00 balance as of June 30, 2019. A copy of the card statement is attached as <u>Exhibit 6</u>.

13.     Mr. Doron also presented NCM's balance sheet as of December 31, 2019, showing total assets of $51,290,789.42, which was materially false. Upon information and belief, NCM did not dispose of any significant assets after the date of the balance sheet, and it was out of business within a few months, leaving uncollectible receivables and inventory that had little to no value. Mr. Doron also failed to preserve NCM's business records. Upon information and belief, NCM has no meaningful assets. A copy of the balance sheet is attached as <u>Exhibit 7</u>.

14.     Mr. Doron knew that his personal financial statement and NCM's balance sheet were materially false but did not disclose those facts to Mr. Pease, who would not have made the three loans had he known that the financial statement and balance sheet were materially false.

15.     Mr. Pease has retained Weissman & Dervishi, P.A. to prosecute this action and is obligated to pay the firm's attorneys' fees and costs. Mr. Pease is entitled under the guaranties to recover his reasonable attorneys' fees and costs from Mr. Doron.

16. All conditions precedent to this action have occurred, have been performed, or have otherwise been waived.

**Basis for Relief**

17. Mr. Doron presented a false personal financial statement and a false balance sheet to Mr. Pease. Mr. Pease made three loans to NCM and Mr. Doron based on the false documents and other false representations and inducements made by Mr. Doron, including, but not limited to, misrepresenting that the loans would be first priority and secured by specific inventory, that the inventory was pre-sold and the loans would be short term bridges to fund inventory, and that NCM and Mr. Doron were on solid financial footing. If not for the false documents and Mr. Doron's false representations and inducements, Mr. Pease would not have made the loans.

18. Mr. Doron's conduct was intended to create and foster a false impression on the part of Mr. Pease. He knowingly and willingly promoted the false impression. His conduct created a contrived and misleading understanding of the loan transactions on the part of Mr. Pease, which wrongfully induced Mr. Pease to make three loans to NCM and Mr. Doron.

19. In sum, Mr. Doron obtained three loans from Mr. Pease by false pretenses, false representations, or actual fraud, as contemplated in 11 U.S.C. § 523(a)(2)(A).

20. In addition or in the alternative, Mr. Doron obtained three loans from Mr. Pease by use of a statement in writing (i) that was materially false, (ii) respecting his financial condition, (iii) on which Mr. Pease reasonably relied to his detriment and told Mr. Doron he would rely upon in making the three loans, and (iv) that Mr. Doron caused to be made with intent to deceive, as contemplated in 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, Mr. Pease respectfully requests that this Court determine that the debt owed to him by Mr. Doron is nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) and/or 11

4

U.S.C. § 523(a)(2)(B), enter a Final Judgment in favor of Mr. Pease against Mr. Doron, and grant such further relief as is just and appropriate.

Dated: October 28, 2022.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By: ___/s/ Peter A. Tappert___
    Brian S. Dervishi
    Peter A. Tappert
Fla. Bar Nos. 350303 and 27100
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com
service@wdpalaw.com

Attorneys for Robert Pease

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2022, a true and correct copy of the foregoing was served by U.S. Mail on Ilan Doron at 1001 NW 7th St., Suite 625, Miami, FL 33136, and via CM/ECF on all persons registered to receive electronic service of court documents in this case.

___/s/ Peter A. Tappert___
Peter A. Tappert